{¶ 34} I respectfully dissent from the majority's analysis and disposition of appellant's sole assignment of error. Based on Gillman, supra., I would find that the trial court had authority to order that appellant's sentence in this matter be served consecutively to appellant's sentence in Franklin County Case No. 00-CR-04-2659 provided that the trial court made the requisite findings mandated by R.C. 2929.14(E)(4). As is stated by the majority in its opinion, while the defendant, inGillman, appealed to the Ohio Supreme Court, his appeal was not allowed for review.
 {¶ 35} However, upon review of the record, I would find that the trial court failed to make the findings required by R.C. 2929.14(E)(4), which is cited in the majority's opinion, prior to imposing the consecutive sentences. The trial court stated as follows on the record at the sentencing hearing:
 {¶ 36} "THE COURT: . . . But it's always been the policy of this Court, pursuant to 2929.41, that any new felony committed by a probationer, parolee or escapee, is to be served consecutively. And that's exactly what the facts indicate in this case. There was an additional felony committed in another jurisdiction, Franklin County, for engaging in a pattern of corrupt activity for which he was convicted on the 15th of November of 2000, and was sentenced in this court to the previous — — in this case that we're now considering, for the revocation of his probation. This sentence was ordered judgment on January 20th of 2000, which was some ten or eleven months prior to the conviction in Franklin County.
 {¶ 37} "And therefore, it would seem inappropriate in the circumstances of sentencing philosophically, anyway, to permit the — — any sentences committed subsequent to another criminal offense to be served concurrently. That would seem to me not logical if sentencing — if the purposes for sentencing are to deter the Defendant, if he realized that he could commit any offense thereafter and whatever it is, that it would be served concurrent to his original sentence, to me, does not make sense. It would then give a license to any convicted person to commit criminal offenses subsequent to the original one and know that all those sentences would be served concurrently. Especially if — well, not especially, but —
 {¶ 38} "And therefore, the Court, understanding its policy for years has been if a defendant commits a subsequent offense while on probation with this court, that the sentence that he would be serving would be served consecutively to that sentence, whether it be in this county or in any other county. It being the basis, primarily, for the violation of his probation in this court.
 {¶ 39} "Therefore, the Court orders the sentence of nine months in this case, being two 18-month sentences to be served concurrently, being a total of nine months to be served consecutive to the sentences in Franklin County." Transcript of October 15, 2001, hearing at 31-33. Moreover, in its October 25, 2001, entry, the trial court merely ordered "that the (9) nine month sentences be served consecutively to the sentence in case number 00CR-04-2659 in the Franklin County Court of Common Pleas."
 {¶ 40} Clearly, the trial court failed to find that consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Nor did the trial court determine whether any of the factors contained in R.C. 2929.14(E)(4)(a) through (c) were present.
 {¶ 41} Since the trial court did not comply with R.C. 2929.14(E)(4) prior to imposing consecutive sentences, I would remand this matter to the trial court for resentencing.